## FINNEY v. M'ADAMS AND ARMSTRONG.

September 12, 1831.

*Rule to show cause why the execution should not be set aside and the judgment opened.*

A sues B by *capias.* The defendant gives bail to the sheriff, but does not enter special bail until *after* the period when, by the rule of court, the bail bond may be sued out, though within the usual time of relief, on application to the court. Special bail to the original action is put in after the bail bond is thus sued out, without notice to the plaintiff, leave of the court, or payment of costs in the bail bond suit. The plaintiff treating the entry of the special bail as a nullity, rules the defendants in the bail bond suit to plead, and obtains judgment thereon by default for want of a plea. Plaintiff then arbitrates the original action, the defendant attends the appointment of the arbitrators, but does not appear before them afterwards, and they award for the plaintiff, which award remains unappealed from. The plaintiff then issues execution on the judgment in the bail bond suit for the amount recovered by the award in the original. *Held,* 1. The court will not relieve the defendant in the judgment on the bail bond by setting aside the execution and opening the judgment. 2. After a bail bond is regularly sued out, the bail cannot be relieved (if otherwise entitled to relief), but upon an application to the court to stay proceedings, notice to the plaintiff, payment of costs and entering special bail. 3. If without these the defendant enters special bail, the plaintiff may treat it as a nullity, and proceed in the bail bond suit to final judgment and execution.

THE facts of this case were, that a *capias* in case at the suit of the present plaintiff, *James Finney,* issued against one *Thomas M'Adams* on the 1st of June 1830, returnable to June term 1830, No.

[Finney v. M'Adams.]

425.　The bail demanded was 200 dollars. *Francis Armstrong* gave bail to the sheriff for the original defendant, and the sheriff's return to that writ was " *C. C.* and *B. B.*" Special bail not having been entered within four weeks from the return day, according to the then rules of court, the plaintiff took an assignment of the bail bond from the sheriff, and on July the 26th, 1830, sued it out against the present defendants. On the 30th of August 1830, without moving the court to stay proceedings on the bail bond suit, and without paying the costs accrued on it, or giving notice to the plaintiff, *Francis Armstrong* entered special bail to the original action, and the same day M'Adams pleaded issuably in that action. On the 30th of October 1830, the plaintiff in the bail bond suit entered a rule on the defendants to plead in four weeks or judgment therein, and gave personal notice to the defendants' attorney of the rule. On the 30th of November 1830, the plaintiff filed an *affidavit* of this notice, and no pleas having been filed, judgment for the plaintiff in the bail bond suit was entered *secundum regulam*.

Thus the case rested till the 7th of December 1830. The plaintiff's attorney, treating this judgment on the bail bond suit as a security for what might be recovered in the original action, proceeded by arbitration therein to ascertain the amount. December 7th, 1830, rule of arbitration entered by plaintiffs; arbitrators to be appointed on the 17th of December. On that day, attorneys *both for plaintiff and defendant* attended, and agreed on the appointment of the arbitrators to meet on the 4th of January 1831 (agreement signed by both). 4th of January 1831, arbitrators award for plaintiff 30 dollars damages; filed 5th of January 1831; defendant or his attorney, though proved to have been notified, not having attended.

14th of January 1831, the defendant in the original action, Thomas M'Adams, was discharged by the insolvent act, on his petition, which had been filed 28th of December 1830. Plaintiff was not noticed in the petition or returned as a creditor; he was not a creditor till after the petition filed, namely, on the 5th of January 1831, when the award was filed, being a case of tort, and for unliquidated damages, and therefore the discharge did not operate as against the plaintiff.

Plaintiff issued a *fieri facias* to March term 1831, on the judgment in the bail bond suit on the 5th of February 1831. On motion of the defendant, a rule to show cause why the execution should not

[Finney v. M'Adams.]

be set aside and the judgment opened, and a rule to show cause why an *exoneretur* should not be entered on the bail-piece, were granted.

This rule was argued by *Isaac Norris*, for the plaintiff; and *Hirst*, for the defendant, and his bail.

The opinion of the court (BARNES, *President*; HALLOWELL, J.; and COXE, J.) was delivered by

HALLOWELL, J.—The bail bond was forfeited before the 26th of July 1831 ; the suit on it was therefore regular, and the proceedings on it could only be set aside on entering special bail, and paying off the costs of the bail bond suit.

Notice too ought to have been given to the plaintiff or his attorney, of the time of entering special bail. Notices were twice given, one for the 26th, the other for the 29th of August; neither was complied with, but the bail was entered on the 30th, and, as far as appears, without any notice.

The entry of this special bail, *without payment of costs*, notice to plaintiff or motion for leave by the court, operated nothing on the bail bond suit. The plaintiff had a right to carry it on as if no such thing had been done : he did so, and entered a regular rule to plead ; served notice of four weeks or more on the plaintiff's attorney personally ; and on his disregarding it, entered a regular judgment upon it. The defendant suffered it to rest so till the 7th of December; then *attended* and *chose arbitrators in the original suit*, and afterwards, though notified, neglected to attend the meeting of the arbitrators, and has not appealed from the award. The defendant has been guilty of the grossest *laches* ; the plaintiff has been regular and vigilant throughout; and the defendant indeed *appears* to have acquiesced in the propriety of the judgment on the bail bond suit, by afterwards submitting to and joining in the appointment of arbitrators in the original, without moving to set it aside. The bail bond, in strict law, is forfeited ; a regular judgment has been obtained upon it ; and it rests in the sound *legal discretion* of the court whether to sustain it or not, the case not being of the usual description where bail to the sheriff becomes fixed by the non entry of special bail after the lapse of the third term. The law favours the vigilant, and frowns upon the negligent. The defendant here has drawn the plaintiff by his conduct into the costs of the arbitration and of the execution, and the court think, under all the circumstances of the case, it would

[Finney v. M'Adams.]

be an unsound exercise of their discretion to disturb this judgment and execution. Our opinion therefore is, that the rules obtained on the 5th of February last, on behalf of the defendant and his bail, be discharged, and, of course, the judgment and execution will remain in full force. (a)

Rule discharged.

(a)  See act of June 13th, 1836, *Pamph. Laws* 568, *Parke & Johnson's Digest*